INZER, Justice.
This is an appeal from the Circuit Court of Lauderdale County wherein that court entered a judgment for defendant-appellee construction company in accordance with a jury verdict in its favor.
Lerner Jewelers, Inc., a retail jewelry business, brought suit against L. L. Glas-cock, Inc., building contractor firm, for reduction in value of the jewelry business suffered as a result of being forced to remove the business to another location and of being deprived of the use of the Lerner Building which the jewelry business rented.
Appellant complains that the contractor was negligent in failing to prevent foundation and soil movement on the Lerner site toward a next door bank structure which appellee was demolishing under a contract with Citizens National Bank of Meridian, for whom defendant was also to construct a new bank building.
The old bank building and the jewelry store building did not touch. Eight inches separated the south wall of the bank building from the north wall of the Lerner Building. Appellant was renting the building on a month to month basis.
Appellant’s declaration states that appel-lee negligently failed to prevent soil movement, with the result that the walls of the Lerner Building settled and cracked, that a quantity of merchandise was broken and business disturbed, that the building was sold in its then condition necessitating that appellant move to another and less desirable location. Defendant answered that in the performance of its contract it used ordinary and reasonable care, prudence and skill commensurate with the danger involved; that it did not fail to effectively prevent this movement of the soil supporting the Lerner Building; that the building was an old one; that any injury to the building was not the natural and probable consequence of any act or omission of the appel-lee, but resulted from the inherent character and condition of the Lerner Building itself.
Stockholders in Lerner Jewelers, Inc. are William Lerner, Sr. and William Lerner, Jr. Owners of the Lerner Building during the tenancy were William Lerner, Sr., William Lerner, Jr., and Mrs. Sadye Lerner.
After demolition of the old bank building, Citizens National Bank of Meridian bought the Lerner Building and land for $125,000. Included in the contract for sale was a covenant by the owners not to sue the bank. By separate agreement, Lerner Jewelers, Inc., in consideration of $500, agreed not *68 to sue the bank. Thereafter appellant brought this suit against the contracting company.
Appellant argues that the circuit court should have granted a new trial because the verdict of the jury was against the overwhelming weight of the evidence. Testimony and evidence introduced at the trial involved two main issues: (1) whether the demolition of the bank building was done as a prudent operator would do under like circumstances, knowing the necessity to provide lateral support for the adjoining building, specifically whether the filling and compacting of sand-clay in the bank basement, the method employed by defendant, was suitable for the job, or whether shoring with structural members, as urged by appellant, was the preferable method; and (2) whether the Lerner Building damage came about through inherent weakness and other natural conditions of age in the Lerner Building itself. Since there was conflicting evidence it was up to the jury to resolve questions of fact, and after careful consideration of the testimony in the record we cannot say the verdict was against the overwhelming weight of the evidence.
Appellant assigns as error numerous instructions granted appellee and some refused appellant. The basis of this contention is section 1301.2 of the building code adopted by the City of Meridian. The section reads, in part, as follows:
When an excavation extends not more than ten feet below the established curb grade nearest the point of excavation under consideration, the owner of any adjoining building or structure, the footings or foundations of which are to be underpinned or protected under the requirements of this section, shall be notified in writing by the one causing the excavation to be made. The owner of the adjoining structure or building shall be afforded the necessary license to enter the premises where the excavation is to be made, and at his own expense, shall provide the necessary underpinning or protection.
Notice to the owner of adjoining buildings or structures shall be served at least ten days before an excavation is commenced, and it shall state the depth and location of the proposed excavation.
When an excavation extends more than ten feet below the established curb grade nearest the point of excavation under consideration, the one causing the excavation to be made, if given the necessary license to enter the adjoining premises, shall provide at his own expense the underpinning and protection required by that part of the excavation which extends to a depth greater than ten feet below the established curb grade nearest the point of excavation under consideration, whether or not the existing footings or foundations extend to the depth of ten feet or more below curb grade; or he may shore and brace the sides of his excavation so as to prevent effectively any soil movement into his excavation. If permanent lateral support is provided, the method used must satisfy requirements of the Building Official. If the necessary license is not afforded the person causing the excavation to be made, it shall be the duty of the owner failing to afford such license to provide the required underpinning or protection, for which purpose he shall be afforded the necessary license to enter the premises where such excavation is to be made. * * * (Emphasis supplied).
No notice was given to the owners of the Lerner Building by the bank or the contractor. Appellant urges that the failure to ¿ive the notice made the contracting company liable for any damage to the Lerner Building as a result of the excavations regardless of whether the contractor was guilty of any negligence in the manner *69 in which the work was performed and it was error for the court to give instructions requiring the jury to find the contractor guilty of negligence before the jury could find for appellant.
There is a question in this case as to whether the excavations made were such as contemplated by the building code, and also a question of whether any notice is required when the excavation made is more than ten feet below the established curb line. Assuming but not deciding that the excavations made come within the meaning of the building code and-that notice was required, we are of the opinion that the bank was the moving force and was “the one causing the excavations to be made.” Therefore, we hold that under the facts and circumstances of this case the building code placed the duty on the bank to give the notice. The authorities generally hold that where a statute or building code places the liability on the owner, the contractor is not liable in the absence of negligence.
This being true, the liability of the appellee is governed by the common law. It is a general rule that the right to lateral support applies to land in its natural state and not to the additional weight of buildings and other structures placed on the land. When the adjoining land is burdened with a building, the general rule as to liability regarding excavations is as set out in 2 C.J.S. Adjoining Landowners § 17 (1936) which states:
A landowner who excavates on his land is liable for all damages to structures and improvements on adjoining land sustained through his own negligence or unskill-fulness, or that of others under his direction and control, or sustained by reason of the excavation under his direction having encroached on the adjoining land in the absence of permission by the owner thereof. One who merely holds title to the land and has no interest in the excavation and no control over those doing the work is not liable. If the work is prosecuted by an independent contractor, he may be liable jointly with the owner as a joint tort-feasor, although the contractor alone and not the owner is liable for injuries due to negligent or wanton acts not necessarily incident to the plan or contract for the work. The owner and general contractor will be liable for damage caused by operations of a subcontractor if the latter does not depart from the proper execution of his undertaking, or, even if the subcontractor is negligent, if they know of the extrahazardous condition and do nothing to safeguard the adjoining owner’s property.
The court was not in error in granting the instructions relative to negligence and was not in error in refusing to grant the instruction requested by appellant relative to notice.
We are of the opinion that the jury determined the issues in this case from conflicting evidence under instructions which when read together correctly instructed the jury as to the law involved. We are unable to say that the evidence so strongly preponderates against the verdict of the jury that we would be justified in setting it aside. In fact, there was ample evidence to substantiate the verdict of the jury, and we find no reversible error.
For the reasons stated this case is affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, PATTERSON and ROBERTSON, J J., concur.